# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(Filed: July 25, 2019)

```
*  *  *  *  *  *  *  *  *  *  *  *  *       *
MICHAEL J. GORDON, Parent and              *
Natural Guardian of J.M.G.,                *
                                           *
             Petitioner,                   *       No. 17-743V
                                           *
v.                                         *       Chief Special Master Dorsey
                                           *
SECRETARY OF HEALTH                        *       Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,                        *
                                           *
             Respondent.                   *
                                           *
*  *  *  *  *  *  *  *  *  *  *  *  *       *
```

<u>David P. Murphy</u>, David Murphy Esq., Greenfield, IN, for petitioner.
<u>Colleen C. Hartley</u>, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS

On March 26, 2019, Andrew Downing filed a motion to withdraw as petitioner's counsel in the above-captioned case. Motion ("Mot.") to Withdraw dated Mar. 26, 2019 (ECF No. 45). On April 12, 2019, by leave of the undersigned, Mr. Downing filed a motion for interim attorneys' fees and costs. Motion for Interim Attorneys' Fees and Costs dated Apr. 12, 2019 (ECF No. 55) ("Interim Mot.").

For the following reasons, the undersigned **GRANTS** petitioner's motion for interim fees and costs and awards $16,483.50 in fees and $3,224.39 in costs, for a total award of $19,707.89.

### I.    Procedural History

On June 6, 2017, Michael Gordon ("petitioner") filed a petition in the National Vaccine Injury Compensation Program ("Vaccine Program") on behalf of his minor child, J.M.G. Petitioner alleges that the DTaP, Hepatitis B, rotavirus, Hib, PCV, and IPV vaccines J.M.G. received on May 13, 2014, and July 16, 2014, caused him to suffer external hydrocephalus and developmental delays. Amended Petition at 2-3.

At the time the petition was filed, petitioner appeared <u>pro se</u>. On February 9, 2018, petitioner filed a motion to substitute Mr. Downing as his counsel. On February 20, 2018, respondent filed a Rule 4(c) Report recommending against compensation. Respondent's Report ("Resp. Rept.") (ECF No. 26). In response to the undersigned's March 22, 2018 Order, petitioner filed updated medical records on May 17, 2018, and a statement of completion on May 23, 2018. Petitioner's Exhibits ("Pet. Exs.") 7-9. On May 30, 2018, petitioner filed his amended

petition and subsequently filed an export report and medical literature on August 17, 2018. Amended Petition; Pet. Exs. 10-15.

On March 26, 2019, Mr. Downing filed a Motion to Withdraw as Attorney for petitioner, and on April 12, 2019, he filed a motion by leave of the Chief Special Master for interim fees and costs. Counsel stated that he was "unable to continue acting as Petitioner's Counsel in this matter and has determined that he has no alternative but to seek this withdrawal." Mot. to Withdraw at 2. He indicated that petitioner intended to either seek new counsel to represent him in this matter or proceed pro se. Id. The motion requested that petitioner be given sixty days within which to retain new counsel. Id.

Petitioner now requests $16,483.50 in interim fees and $3,224.39 in interim costs, for a total award of $19,707.89, to compensate Mr. Downing. Interim Mot. at 5. On April 15, 2019, respondent filed a response to petitioner's motion. Respondent's Response dated Apr. 15, 2019 (ECF No. 56). Respondent recommended that the Chief Special Master "exercise her discretion and determine a reasonable award for attorneys' fees and costs," provided that the Chief Special Master finds that petitioner had a reasonable basis upon which to bring his claim, and that awarding interim fees and costs complies with the standard set forth in Avera v. Secretary of Health & Human Services, 515 F.3d 1343 (Fed. Cir. 2008). Id. at 3.

This matter is now ripe for adjudication.

## II.    Legal Standard

Petitioner is entitled to an interim award of reasonable attorneys' fees and costs if the undersigned finds that he brought his petition in good faith and with a reasonable basis. Avera, 515 F.3d at 1352; 42 U.S.C. § 300aa-15(e)(1); see also Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010); Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 154 (Fed. Cl. 2012); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (Fed. Cl. 2010); Doe 21 v. Sec'y of Health & Human Servs., 89 Fed. Cl. 661, 668 (Fed. Cl. 2009); Bear v. Sec'y of Health & Human Servs., No. 11-362V, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013); Lumsden v. Sec'y of Health & Human Servs., No. 97-588V, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). A petitioner "bears the burden of establishing the hours expended." Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (1991) (affirming special master's reduction of fee applicant's hours due to inadequate recordkeeping), aff'd after remand, 988 F.2d 131 (Fed. Cir. 1993) (per curiam). Reasonable attorneys' fees are determined by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings. Avera, 515 F.3d at 1348.

In making reductions, a line-by-line evaluation of the fee application is not required. Wasson, 24 Cl. Ct. at 484. Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours

2

claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

In Avera, the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In Shaw, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. In the past, interim fees have been rewarded in the context of withdrawal of counsel. See Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (Fed. Cl. 2016) ("If there is an indefinite delay in 'receiving fees . . . until the matter is ultimately resolved,' it may be particularly appropriate to award interim fees to an attorney who has withdrawn."). Further, the undersigned has previously awarded interim fees to Mr. Downing after he withdrew as counsel in another matter. See Fuller v. Sec'y of Health & Human Servs., No. 15-1470V, 2016 U.S. Claims LEXIS 1003 (Fed. Cl. Spec. Mstr. July 5, 2016). Given Mr. Downing's explanation that he has withdrawn from the case, the undersigned finds that an award of interim fees and costs is reasonable.

### III.   Discussion

#### a.  Reasonable Attorneys' Fees

##### i.  Requested Hourly Rates

Petitioner requests compensation for Mr. Downing at a rate of $385.00 per hour for the total of 35.10 hours he has expended in the case. Interim Mot., Ex. A at 13. In addition, he also seeks to recover fees for work performed by two paralegals, Mr. Robert Cain and Ms. Danielle Avery, who each billed at a rate of $135.00 per hour. Id. The requested rates of Mr. Downing, Mr. Cain, and Ms. Avery have previously been found reasonable. Silver v. Sec'y of Health & Human Servs., No. 16-1019V, 2018 U.S. Claims LEXIS 1058 (Fed. Cl. Spec. Mstr. July 31, 2018) (Special Master Sanders awarding Mr. Downing $385.00 per hour and Mr. Cain and Ms. Avery each $135.00 per hour). The undersigned has also awarded fees to Mr. Downing at a rate comparable to those now requested. See Fuller, 2016 U.S. Claims LEXIS 1003. The requested rates are consistent with the ranges provided in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Oct. 18, 2016). Thus, the undersigned finds the requested fees reasonable and grants them in full.

##### ii.  Requested Hours

Petitioner requests compensation for a total of 57.10 hours of work on his case from 2018 to the present. Interim Mot., Ex. A at 12. 35.10 hours were expended by Mr. Downing; 6.60 hours by Mr. Cain; and 15.40 by Ms. Avery. Id. at 13. After carefully reviewing the billing records, the undersigned finds that the hours spent are reasonable and will thus reimburse them in full.

For the reasons discussed above, the undersigned awards petitioner a total of $16,483.50 in interim fees.

### b.  Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira, 27 Fed. Cl. at 34.  Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees.  Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Petitioner requests a total of $3,224.39 for costs incurred by Mr. Downing.  Interim Mot., Ex. A at 13.  These costs are associated with retaining an expert witness and covering expenses such as expert reports, faxes, photocopies, PACER, and postage.  Interim Mot., Ex. A at 12. Petitioner's expert, Dr. Karen Harum, is a board-certified pediatrician with a specialty certificate in neurodevelopmental disabilities.  Interim Mot. at 5.  Dr. Harum's rate is $350.00 per hour, totaling $3,150.00 for nine hours of time spent on this case.  Interim Mot., Ex. A at 17.  Dr. Harum was awarded this hourly rate by the Vaccine Program previously.  See Cakir v. Sec'y of Health and Human Servs., No. 15-1474V, 2017 U.S. Claims LEXIS 522 (Fed. Cl. Spec. Mstr. April 18, 2017).  The undersigned finds the requested costs to be reasonable and well-documented in the invoices submitted by petitioner and awards them in full.

### IV.   Conclusion

For the reasons set forth above, the undersigned finds that it is reasonable to compensate petitioner's former counsel as follows:

| | |
|---|---|
| Requested attorneys' fees for Andrew Downing: | $ 16,483.50 |
| Total fees for Andrew Downing: | $ 16,483.50 |
| | |
| Requested attorneys' costs: | $ 3,224.39 |
| Total attorneys' costs: | $ 3,224.39 |
| | |
| **Total Fees and Costs Awarded:** | $ 19,707.89 |

**Accordingly, the undersigned awards $19,707.89, representing reimbursement for all interim attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's former attorney, Mr. Andrew Downing.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[1]

**IT IS SO ORDERED.**

The Clerk is directed to mail a copy of this Decision to:

---

[1] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

4

Andrew D. Downing
3030 N. Third Street
Suite 790
Phoenix, AZ 85012

<u>**/s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master