# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 28, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MICHAEL J. GORDON, parent and natural guardian of J.M.G., | * * * | UNPUBLISHED |
| Petitioner, | * * | No. 17-743V |
| v. | * * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Interim Attorneys' Fees and Costs. |
| Respondent. | * * | |
| * * * * * * * * * * * * | | |

Michael J. Gordon, pro se, for petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 6, 2017, Michael Gordon ("petitioner"), as parent and natural guardian of J.M.G., filed a petition in the National Vaccine Injury Program[2] alleging that as a result of the Diphtheria-tetanus-acellular pertussis ("Dtap"), Hepatitis B, Rotavirus, Polio ("IPV"), Haemophilus influenzae type B ("Hib"), and pneumococcal conjugate ("PCV 13") vaccines J.M.G. received on May 13, 2014 and July 16, 2014, he suffers from an adverse reaction and developmental delays. Amended Petition at 1, 3.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On June 4, 2020, petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney who worked on their case. Petitioner's Motion for Interim Fees and Costs ("Pet. Mot."), filed June 4, 2020 (ECF No. 84); see also Addendum to Verified Petition for Interim Attorney Fees and Expenses ("Addendum"), filed July 23, 2020 (ECF No. 96). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $34,982.00
**Attorneys' Costs** – $9,250.00

Petitioner thus requests a total of $44,232.00. Respondent filed his response on June 18, 2020, stating that he "recommends that the [] Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response to Pet. Mot. ("Resp. Response"), filed May 8, 2020, at 3 (ECF No. 57); see also Response to Motion to Amended Motion for Interim Attorneys' Fees and Costs, filed July 23, 2020 (ECF No. 97).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and awards **$43,303.25** in attorneys' fees and costs.

## I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

### A.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

2

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, petitioner requests the following hourly rates for the attorney and paralegal who worked on this matter:

**Mr. Murphy – Attorney**
    2019-2020: $400.00

**Ms. Baker – Paralegal**
    2019-2020: $135.00

The undersigned finds that the requested rates are reasonable and in accordance with what this attorney has previously been awarded for his Vaccine Program work. See, e.g., Dougherty v. Sec'y of Health & Human Servs., No. 15-1333V, 2019 WL 1301903, at *2 (Fed. Cl. Spec. Mstr. Mar. 6, 2019) (awarding $400.00 per hour for all work performed from 2015-2018); Phipps v. Sec'y of Health & Human Servs., No. 15-238V, slip op. at 2 (Fed. Cl. Spec. Mstr. Jan. 9, 2017); Adler v. Sec'y of Health & Human Servs., No. 16-960V, slip op. at 2 (Fed. Cl. Spec. Mstr. Dec. 1, 2016). Mr. Murphy proposed that his 2019-2020 hourly rate be maintained at $400.00. See Pet. Mot. at 6. The undersigned finds the proposed rate reasonable, as it remains consistent with the rates reflected in the Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule for an attorney of counsel's experience.[3] Mr. Murphy also

---

[3] The 2020 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys–Forum–Rate–Fee–Schedule–2020.pdf.

proposed that the 2019-2020 hourly rate of his paralegal should be $135.00.  Id.  The undersigned likewise finds the proposed rate reasonable, as it remains consistent with the rates reflected in the Hourly Rate Fee Schedule.  The undersigned will therefore award the rates requested.

Petitioner's counsel requests compensation for 55.7 hours for 2019 and 27.3 hours for 2020.  Pet. Mot. at 6.  Petitioner further requests compensation for Ms. Baker's paralegal work of 13.2 hours for 2019-2020.

Upon review, the undersigned notes Mr. Murphy's entry on March 18, 2020 is duplicative and will result in a reduction of $240.00.  Pet. Mot., Ex. B at 13.  Additionally, Mr. Murphy also billed for time regarding funding of the case.[4]  Time spent related to funding requests is not compensated by the Program and will result in a reduction of $400.00.  Finally, on January 22, 2020, Mr. Murphy billed for an e-mail "requesting Diversion Agreement and including copy of Davis v. State."  Id. at 9.  This entry appears irrelevant to the above-captioned case and will result in a reduction of $120.00.

The undersigned finds a percentage reduction necessary for Ms. Baker's invoice entries billed as "web research" due to vagueness.[5]  Based on the hours billed for these tasks, the undersigned finds that a 50% reduction to the two entries is appropriate.  This results in a further reduction of $168.75.  Petitioner is thus awarded attorneys' fees of $34,053.25.

### B. Attorneys' Costs

#### 1. Expert Fees

Petitioner requests $1,600.00 for work performed by Dr. Michael Katz, which was a total of 9 hours, billed at an hourly rate of $400.00, and the $2,000 retainer fee paid to Dr. Katz.  Pet. Mot., Ex. D; Addendum, Ex. B-C.  Petitioner also requests $3,500.00 for work performed by Dr. Sarah Sobotka, which was a total of 10 hours, billed at an hourly rate of $350.00.  Pet. Mot., Ex. G; Addendum, Ex. E.  The undersigned finds these costs reasonable and well-documented, and she will award them in full.

#### 2. Miscellaneous Costs

Petitioner requests $1,750.00 to cover their attorney's other miscellaneous expenses, including a call with Elite Medical Experts for the purpose of locating a medical expert to evaluate petitioner's claim.  Pet. Mot. at 7, Ex. B.  Additionally, petitioner advanced the sum of $400 toward the payment of the fee of Saponaro, Inc. for obtaining a medical expert to evaluate

---

[4] On March 5, 2020, Mr. Murphy had a telephone call with a lawsuit funding company; on June 6, 2019, Mr. Murphy had a telephone call with Oasis Legal Financing for funds to hire an expert; and on June 19, 2019, Mr. Murphy had telephone calls with "funding sources."  Pet. Mot., Ex. B at 3-4, 12.

[5] See September 16 and 18, 2019 entries.  Id. at 6.

his claim.  Addendum, Ex. A.  The undersigned finds these costs reasonable and well-documented, and she will award them in full.

## II.     CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 34,982.00 |
| Reduction of Attorneys' Fees: | - ($ 928.75) |
| Awarded Attorneys' Fees: | $ 34,053.25 |
| | |
| Requested Attorneys' Costs: | $ 9,250.00 |
| Reduction of Attorneys' Costs: | - ($ 0.00) |
| Awarded Attorneys' Costs: | $ 9,250.00 |
| **Total Interim Attorneys' Fees and Costs:** | **$ 43,303.25** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $43,303.25, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's former counsel of record, Mr. David Murphy.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[6]

**IT IS SO ORDERED.**

                                                 **/s/ Nora Beth Dorsey**
                                                 Nora Beth Dorsey
                                                 Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.