# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 20, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| M.G., parent and natural guardian of J.M.G., | * * * | UNPUBLISHED |
| Petitioner, | * * | No. 17-743V |
| v. | * * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Motion for Redaction. |
| Respondent. | * * | |
| * * * * * * * * * * * * * * | | |

M.G., pro se, Los Angeles, CA, for petitioner.
Colleen Hartley, U.S. Department of Justice, Washington, DC, for respondent.

**ORDER GRANTING IN PART PETITIONER'S MOTION FOR REDACTION**[1]

On April 1, 2022, M.G. ("Petitioner") filed a motion to redact the undersigned's March 25, 2022 Decision denying entitlement. Petitioner's Motion for Redaction ("Pet. Mot."), filed Apr. 1, 2022 (ECF No. 154). Respondent filed a response on April 6, 2022. Respondent's Response to Pet. Mot. ("Resp. Response"), filed Apr. 6, 2022 (ECF No. 155). Petitioner did not file a reply.

For the following reasons, Petitioner's motion is **GRANTED IN PART**.

## I.    RELEVANT PROCEDURAL HISTORY

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished Order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

On June 6, 2017, Petitioner, parent and natural guardian of J.M.G., filed a pro se petition for compensation in the National Vaccine Injury Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] Petitioner alleged that J.M.G. experienced a "severe adverse reaction" as the result of diphtheria-tetanus-acellular-pertussis ("DTaP"), hepatitis B, Rotavirus, haemophilus influenzae type b ("Hib"), pneumococcal conjugate ("PCV 13"), and inactivated polio ("IPV") vaccinations administered on May 13, 2014 and July 16, 2014. Amended ("Am.") Petition at 1 (ECF No. 34).

On March 25, 2022, the undersigned issued a decision denying entitlement and dismissing the petition. Decision dated Mar. 25, 2022 (ECF No. 153). Petitioner timely filed a motion to redact the Decision on April 1, 2022. Pet. Mot. Petitioner requested the court "redact all medical records, personal records and the names of the Petitioner and the Petitioner's family in the case from public access." Id. at 1 (emphasis omitted). Petitioner stated, "[a]ny such disclosure of Petitioner's identity and or medical records would constitute an unwarranted invasion of privacy." Id. Petitioner concluded, "[t]his motion is being made within the statutory 14 days and should be granted." Id.

Respondent filed a response to Petitioner's motion on April 6, 2022. Resp. Response. Respondent outlined the standards for a motion for redaction and "defer[red] to the sound discretion of the Special Master to determine what remedy strikes the appropriate balance between the public and private interests in this instance." Id. at 4. Petitioner did not file a reply.

## II.  DISCUSSION

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act. See § 12(d)(4)(B). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." Id. What constitutes a "clearly unwarranted invasion of privacy" requires balancing Petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013). While a Petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

In Langland ex rel. M.L. v. Secretary of Health & Human Services, Petitioners sought redaction of "all medical information, but in the alternative, they [] proposed the redaction of Petitioners' names and other identifying information as a more efficient method of protecting the

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this Order to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

medical information from disclosure." No. 07-36V, 2011 WL 802695, at *1 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), mot. for rev. denied, 109 Fed. Cl. 421 (2013). The special master determined that "Congress conferred authority on special master to redact a narrow subset of personal information, including certain medical information, upon a specific showing satisfying the criteria for redaction set forth in subsections 12(d)(4)(B)(i) to (ii) of the Vaccine Act." Id. at *6. The language of the statute "shows that a party requesting redaction of medical information must satisfy a substantial burden to demonstrate a right to redaction." Id. The special master concluded that the Petitioners had not satisfied their "substantial burden" of justifying redaction of all medical information or personally identifying information. Id. at *8-10. Therefore, the special master permitted the replacement of the minor child's name with initials and the redaction of the child's birthdate, but denied any further redaction. Id. at *11; see also K.L. v. Sec'y of Health & Hum. Servs., 123 Fed. Cl. 497 (2015); Spahn v. Sec'y of Health & Hum. Servs., 133 Fed. Cl. 588 (2017); Anderson v. Sec'y of Health & Hum. Servs., No. 08-0396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014); A.T. v. Sec'y of Health & Hum. Servs., No. 16-393V, 2022 WL 819583 (Fed. Cl. Spec. Mstr. Jan. 13, 2022).

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult Petitioners' names, which are not similarly protected automatically, may also be redacted if the Petitioner establishes proper grounds for redaction. See R.V. v. Sec'y of Health & Hum. Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call."). The undersigned will permit redaction in cases where a specialized showing is made.

The facts and circumstances of this case warrant redaction of Petitioner's name to initials and redaction of J.M.G.'s birthdate. However, Petitioner has not provided a specialized showing as to why all medical records should be redacted. **Accordingly, Petitioner's motion for redaction of his name to initials and J.M.G.'s birthdate in the Decision is GRANTED. Further redaction is DENIED.**

Thus, the public version of the Decision denying entitlement shall be redacted to include Petitioner's initials, M.G., and J.M.G.'s initials and date of birth will also be redacted. Moreover, the undersigned further directs the clerk to amend the case caption to the following:

```
* * * * * * * * * * * * * *   *
M.G., parent and natural guardian,   *
of J.M.G.,                            *
                                      *
            Petitioner,               *
                                      *
v.                                    *
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
                                      *
* * * * * * * * * * * * * *
```

Any questions regarding this Order may be directed to my law clerk, Megan Andersen, at (202) 357-6345 or Megan_Andersen@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

4